SUPPLEMENTAL MEMORANDUM OF POINTS AND EXHIBITS

As more fully explained in Defendant's Response,[1] Plaintiffs' Motion for Class Certification should be denied because they have failed to exhaust the EEOC administrative process by providing appropriate notice to the EEOC of their class claims as required by 29 U.S.C. § 633a(d). All of the notification letters sent to the EEOC on behalf of Plaintiffs (attached as Exhibits 10-1 through 10-10 to Defendant's Response) provided notice of <u>individual</u> claims rather than <u>class</u> claims. The recent May 23, 2006, letter from the EEOC to Plaintiffs' Counsel indicates that the EEOC has also concluded that the letters provided only notice of individual, not class, claims:

> [Y]ou informed [EEOC Equal Employment Analyst] Maurice White that the plaintiffs listed in your initial notice of intent letter dated October 31, 2005, and subsequent notice letters adding additional plaintiffs are all part of a potential ADEA class action. *However, the notice letters provided to the EEOC, did not specifically state that the group is a potential or putative class.* If you intend to file an ADEA class action on behalf of a class including the fifty plaintiffs named in the list, you must clarify the plaintiff's [sic] status.
>
> *Enclosed is our notice to the FDIC that we have, to date received notice regarding fifty (50) individual plaintiffs* who have or will file a civil action in the United States District Court for the District of Columbia. *We have no written notice of the class aspects of this matter.*

EEOC's Rose Letter (attached <u>Exhibit A</u>) at 1-2 (emphasis added).[2]

Moreover, the EEOC has unequivocally stated that "[w]e have no written notice of the class aspects of this matter," despite the fact that it was provided with a copy of Plaintiffs' letter

---

[1] See Defendant's Response at section III.A.
[2] See also EEOC's ODEO Letter (attached <u>Exhibit A</u>), at 1: "On March 3, 2006, the Equal Employment Opportunity Commission (EEOC) received a faxed notice *regarding fifty (50) individual plaintiffs* who have or will file a civil action . . . ." (emphasis added).

to the former FDIC General Counsel dated October 31, 2005.[3]  Although the Kroener Letter alluded to certain limited class claims ("We believe that at least two of the claimants may act as class agents on the forced retirement claim on behalf of themselves and approximately 100 other employees over the age of 50"), the EEOC's statement in its recent letter clearly indicates that it does not consider the Kroener Letter to constitute proper notice to the EEOC as required by 29 U.S.C. § 633a(d).  Moreover, the Kroener Letter at most provided notice (to the FDIC, not the EEOC) of the possibility of a class complaint "on the forced retirement claim," that is, on behalf of those DRR employees who voluntarily retired prior to the reduction in force and are claiming constructive discharge.  As explained more fully in Defendant's Response, these are individualized claims not suitable for class action determination.  See Defendant's Response at section III.C.1.a.

For all of the reasons set forth herein and in Defendant's Response, Plaintiff's motion for class certification should be denied.

Respectfully submitted,

/s/  William S. Jones
_____
William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

---

[3] See the EEOC's Rose Letter (Exhibit A) at 1 (fourth paragraph):  "[Y]ou forwarded to us a fax copy of the October 31, 2005, letter, addressed, not to the EEOC, but to Mr. William Kroener, Office of General Counsel, at the FDIC.  We will retain this information for our records."

        Stephen J. Kessler
        D.C. Bar No. 382427
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6014)
        Arlington, VA 22226
        (703) 562-2311
        (703) 562-2482 (Fax)

        Attorneys for Defendant

Dated: June 8, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BARBARA ALIOTTA, et al** )<br>)<br>    **Plaintiffs,**  )<br>)<br>    v.  )<br>)<br>**MARTIN J. GRUENBERG,** )<br>**Acting Chairman,** )<br>**Federal Deposit Insurance Corporation,** )<br>)<br>    **Defendant.** )<br>_____) | Case No. 1:05-cv-02325-RMU |

## ORDER

UPON CONSIDERATION of Defendant's Consent Motion for Leave to File Attached Supplemental Memorandum of Points and Exhibits, it is this _____ day of _____, 2006

ORDERED that Defendant's Motion is hereby GRANTED, and it is further

ORDERED that Defendant's Supplemental Memorandum of Points and Exhibits is accepted for filing.

SO ORDERED.

_____
Ricardo M. Urbina
United States District Judge

Copies to:

Terri N. Marcus
David L. Rose
Rose & Rose, P.C.
1320 19th Street, N.W.
Suite 601
Washington, DC 20036

Attorneys for Plaintiffs


William S. Jones
Stephen J. Kessler
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 8, 2006, I caused a true and correct copy of the foregoing Consent Motion for Leave to File the Attached Supplemental Memorandum of Points and Exhibits to be served on Plaintiffs, through counsel, by first-class mail, postage prepaid, addressed as follows:

        Terri N. Marcus, Esq.
        David L. Rose, Esq.
        Rose & Rose, P.C.
        1320 19th Street, N.W.
        Suite 601
        Washington, DC 20036


        /s/  William S. Jones
        _____
        William S. Jones
        Counsel
        Federal Deposit Insurance Corporation