# EXHIBIT A

**(May 23, 2006 Letters from the EEOC and Rose & Rose Transmittal)**

Case 1:05-cv-02325-RMU   Document 15-2   Filed 06/09/2006   Page 1 of 7

**Rose & Rose, P.C.**
1320 19th Street
Suite 601
Washington, D.C. 20036
202-331-8555
Fax: 202-331-0996

# FAX COVER SHEET

| | |
|---|---|
| To: | **William Jones** |
| | Office of General Counsel |
| | FDIC |
| FAX: | (703) 562-2468; Tel. (703) 562-2362 |
| Date: | May 30, 2006 |
| Time: | 9:53 am |
| From | Dave Rose |

Accompanying this sheet are copies of two letters sent to us by EEOC that I think you should look at.

If you have further questions, feel free to contact me.

| DOCUMENT | PAGES |
|---|---|
| letters of 5/23/066 | 4 |

*If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 202-331-8557.

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

May 30, 2006

By Fax and First Class Mail
William S. Jones
Office of General Counsel
Federal Deposit Insurance Corp.
3501 N. Fairfax Drive, Room VS-E-6006
Arlington, Virginia 22226

    Re:   Aliotta, et al. v. Gruenberg (FDIC)
            Case No. 1:05CV02325

Dear Mr. Jones:

We received these two letter from EEOC last week and thought you should have copies.

Thanks for your attention to this matter.

Sincerely,

David L. Rose
Attorney for the FDIC Plaintiffs

Enclosures



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

MAY 2 3 2006

Mr. David L. Rose
Rose and Rose
1320 19th St., N.W.
Washington, DC 20036

Dear Mr. Rose:

    This is in response to your letters notifying the Equal Employment Opportunity Commission (EEOC) of your intent to file a civil action (s) on behalf of Barbara Aliotta and fifty other named individuals with the Federal Deposit Insurance Corporation (FDIC), under Section 15(d) of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C Section 633a.

    We apologize for the late response to you. We have a number of concerns with the processing of these matters.

    First is the letter purporting to provide the EEOC with notice of intent to sue for Ms. Barbara Aliotta and 19 individuals who were the first individuals from the group to file a civil action in the United States District Court for the District of Columbia. In your letter, dated November 10, 2005, you indicate that on October 31, 2005, your office hand-delivered a notice of intent to sue letter advising the Commission that:

> Barbara Aliotta and at least nineteen other former and current employees intend to file suit against the FDIC pursuant to Section 15 of the ADEA for its age discriminatory employment practice of discharging them from employment or reducing their grade, or compelling them to choose between retirement and discharge from employment, pursuant to a so called Reduction in Force effective in May and September, 2005.

    After a thorough review of our files, our records do not show that the EEOC ever received your October 31, 2005, letter. Subsequently, you forwarded to us a fax copy of the October 31, 2005, letter, addressed, not to the EEOC, but to Mr. William Kroener, Office of General Counsel, at the FDIC. We will retain this information for our records.

    Secondly, you informed Mr. Maurice White that the plaintiffs listed in your initial notice of intent letter dated October 31, 2005, and subsequent notice letters adding additional plaintiffs are all part of a potential ADEA class action. However, the notice letters provided to the EEOC, did not specifically state that the group is a potential or putative class. If you intend to file an ADEA class action on behalf of a class including the fifty plaintiffs named in the list, you must clarify the plaintiff's status.

Enclosed is our notice to the FDIC that we have, to date received notice regarding fifty (50) individual plaintiffs who have or will file a civil action in the United States District Court for the District of Columbia. We have no written notice of the class aspects of the matter.

If further information is required regarding this matter, please contact Mr. Maurice White, Equal Employment Analyst at (202) 663-4564.

Sincerely,

*Marjorie H Borders*

Marjorie H. Borders
Acting Director
Complaints Adjudication Division

Enclosure



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

MAY 2 3 2006

D. Michael Collins, Director
Office of Diversity and Economic Opportunity
Federal Deposit Insurance Corporation
801 17th Street, N.W.
Room 1201
Washington, DC 20434

Dear: Mr. Collins:

On March 3, 2006, the Equal Employment Opportunity Commission (EEOC) received a faxed notice regarding fifty (50) individual plaintiffs who have or will file a civil action with the Federal Deposit Insurance Corporation in the U.S. District Court for the District of Columbia, under Section 15(d) of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C Section 633a.[1]

Upon receiving a notice of intent to sue, the ADEA requires that the Commission promptly notify all persons named in the notice as prospective defendants in the action and take any appropriate action to ensure the elimination of any unlawful practice. If the enclosed notice specifically names officials of your agency as prospective defendants in the civil action, you are requested to notify them promptly that they are prospective defendants and provide them with a copy of the enclosed notice of intent to sue.

The Equal Employment Opportunity Commission Directive (EEO-MD-110), Chapter 4, Section IV, requires that upon receipt of a notice of intent to sue, an agency must review the allegation(s) of age discrimination and conduct an inquiry sufficient to determine whether there is evidence that unlawful age discrimination has occurred. The method of the inquiry is a matter for determination by the particular agency and may vary depending on the scope and complexity of the allegation(s). Agencies are encouraged to make good faith efforts to resolve the matter and must implement the appropriate make-whole relief under 29 C.F.R. Part 1614, Subpart E, where unlawful age discrimination is found.

In order to resolve age discrimination claims informally and preclude the necessity for litigation, the EEOC expects that the agency's inquiries under EEO-MD-110 will be conducted promptly.

---

[1] When a federal age discrimination claimant has not filed an administrative age discrimination complaint, she/he may bypass the administrative complaint process in 29 C.F.R. Part 1614 by filing a notice of intent to sue with the Commission. The notice must be filed within one hundred and eighty days after the alleged unlawful practice occurred.

2

Prompt inquiries are also necessary so that a claimant's right to seek redress is not jeopardized because a limitations period for filing a civil action has expired. Agencies should implement case tracking systems to ensure the prompt processing of these matters. Agency's inquiries based on a notice of intent to sue should begin immediately and be completed promptly.

You are requested to complete the agency's inquiry within 30 days. Please inform the claimant of your agency's disposition of this matter and furnish a copy to me.

By copy of this letter, we are informing the plaintiffs that they may file a civil action under the ADEA at any time after thirty days from the date this notice of intent to sue was filed with EEOC regardless of whether your agency has conducted any inquiry into their allegations. However, the plaintiffs are advised that they may want to promptly file such an action upon the expiration of the 30-day waiting period because the federal court case law concerning the applicable limitations period for a federal age claimant to file a civil action under the ADEA varies by jurisdiction.

If you have any questions concerning your agency's responsibilities upon receipt of the enclosed notice of intent to sue, please contact Maurice A. White, Equal Employment Opportunity Specialist in this office on 202-663-4564 (voice) or 202-663-4593 (TDD).

Sincerely,

/S/ mhb

Marjorie H. Borders
Acting Director
Complaints Adjudication Division


Enclosure

cc:    Mr. David L. Rose
       Rose and Rose
       1320 19th St., N.W.
       Washington, DC 20036