UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ALIOTTA, et al and<br>  Others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>SHEILA BAIR, CHAIRMAN,<br>FEDERAL DEPOSIT<br>INSURANCE CORPORATION,<br><br>                    Defendant. | Case Number 1:05CV02325<br><br>AMENDED COMPLAINT<br><br>CLASS ACTION |

**STIPULATED PROTECTIVE ORDER**

Subject to the Court's approval, Plaintiffs and Defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as protected shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 3 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

1.  Either party to this litigation may initially designate as "protected" any material provided hereunder if it is deemed in good faith to constitute protected information under the Privacy Act and/or Trade Secrets Act or an otherwise unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.

2.  In designating material as protected, the party so designating it shall identify the protected material with specificity. Either party's counsel may, at any time, object to the

designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party, through counsel, may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

    3.    Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

    (a)    Protected material shall be used solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than (i) plaintiffs and counsel for plaintiffs, such counsel's firm and its employees, and consultants and experts retained by plaintiffs to assist such counsel specifically for purposes of this litigation; and (ii) counsel for the defendant and employees of the United States government who have a need to review the protected material for the defense of this case or outside consultants and experts retained by the defendant.

    (b)    It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

    (c)    No document (including motions, briefs, and exhibits) containing protected material, shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and document substantially as follows:

> This [envelope/document] contains <u>protected</u> <u>material</u>.  Disclosure or use of such material is restricted.  This material is filed under seal.

Such documents shall be filed under seal and maintained under seal by the Court.  No one other than persons specifically authorized in subparagraph (a) of paragraph 3 hereof shall have access to such material.  Within five business days after the filing of any such document under seal, the party who filed the document shall serve on counsel for the other party a copy of such document from which the protected material has been deleted unless such document has previously been produced to the other party.  Counsel for the other party shall then have five business days to review the redacted copy of the document to determine whether or not they agree with the proposed deletions.  At the conclusion of that review period the redacted copy shall be filed on the public record unless an objection has been made by one of the other parties.  In the event of an objection that counsel are unable to resolve informally either party, through counsel, may submit the dispute to the Court for resolution.  The document in question shall be filed on the public record containing the material as to which there is no dispute pending resolution of the matter by the Court.

4. Counsel shall promptly report any breach of the provisions of this order to the Court and to counsel for the party whose protected material was divulged or compromised.  Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order.  Counsel shall also cooperate fully in any investigation of such breach conducted by the Court or by the party whose protected material was divulged or compromised.

5. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

6. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein or in the Privacy Act or Trade Secrets Act shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

7. Nothing contained herein shall be construed as a waiver of either party's objections to another party's request that it be permitted to disclose protected information to its employees and/or employees of subsidiary or affiliated companies. Nothing in this Order shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of documents or information in the party's possession prior to or for reasons unrelated to proceedings in this action.

8. Any specific part or parts of the restrictions imposed by this Stipulation may be terminated at any time, with respect to particular covered information, by a letter from the party designating the information as covered to the other party or by an Order of the Court. This Stipulation is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

                                    Respectfully submitted,

| | |
|---|---|
| /s/ William S. Jones | /s/ David L. Rose |
| William S. Jones, Ga. Bar No. 404288 | David L. Rose, D.C. Bar No. 376379 |
| FDIC | Rose & Rose, P.C. |
| 3501 Fairfax Drive, Room E-6006 | 1320 19th Street, N.W. Suite 601 |
| Arlington, Virginia 22226 | Washington, D.C. 20036 |
| Tel: (703) 562-2362 | Tel: (202) 331-8555 |
| Fax: (703) 562-2482 | Fax: (202) 331-0996 |
| | |
| Counsel for Defendant | Counsel for Plaintiffs |

**APPROVED AND SO ORDERED.**

This _____ day of _____, 2006.


                                    _____
                                    RICARDO M. URBINA
                                    United States District Judge