UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA ALIOTTA, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:05-cv-02325-RMU |
| SHEILA C. BAIR, ) Chairman, ) Federal Deposit Insurance Corporation, ) | |
| Defendant. ) | |

### JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Civil Rule 16.3 and this Court's Order entered on January 11, 2007, the parties hereby report to the Court that counsel for the parties conferred on January 25, 2007. As required by the Order, prior to addressing the matters listed in Local Civil Rule 16.3(c), the parties each provide their respective statement of the case, as follows:

Plaintiffs' Statement of the Case:  This case is a suit by fifty (50) former or present employees of the Federal Deposit Insurance Corporation, an agency of the United States, in its Division of Resolutions and Receiverships (DRR) who were born on or before September 30, 1955 and who, as a result of Defendant's 2005 Reduction in Force, were terminated from their positions in the DRR or suffered a reduction in grade or were otherwise harmed, in violation of their rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* This Court, by Order and Memorandum Opinion of July 25, 2006 granted plaintiffs' motion for

class certification. Jurisdiction of this court is based on Section 15 of the ADEA, 29 U.S.C. § 633a, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

<u>Defendant's Statement of the Case</u>: Defendant denies the plaintiffs' allegations that the FDIC discriminated against the certified class of employees in its design and/or implementation of the DRR reduction in force ("RIF"). The FDIC reorganized and conducted the RIF in DRR for legitimate, non-discriminatory business reasons, including the reduction in DRR's workload resulting from the continued financial health of the United States banking industry following the end of the banking crisis of the early 1990's. The FDIC planned and implemented the reorganization and RIF as required by and in conformity with applicable laws and regulations, as well as the FDIC's Nationwide Agreement with the National Treasury Employees Union (NTEU) and FDIC Circular 2100.4 (FDIC's negotiated RIF policy). Defendant further denies that the design and/or implementation of the reorganization and RIF had a significant disparate impact on the plaintiffs. Defendant further contends that those class members who voluntarily resigned prior to the RIF were not constructively discharged. Those class members who voluntarily accepted the FDIC's separation incentives and voluntarily elected to resign and/or participate in the FDIC's early retirement program were required to do so no later than May 2005, before specific RIF notices were given to employees in June 2005 and before the RIF was effective in September 2005. Therefore, none of these class members was harmed by the RIF and none was constructively discharged.

As a result of counsel's conference on January 25, 2007, the parties hereby report to the Court as follows, in accordance with the numbered topics listed in Local Civil Rule 16.3(c):

**(1) Dispositive motions.** Defendant believes that this case may be resolved through a dispositive motion, and Plaintiffs believe that one issue may be so resolved. The parties have

agreed on a proposed scheduling order whereby dispositive motions shall be filed by August 31, 2007. The parties also agree that memoranda in opposition to such dispositive motions should be filed within 30 days of the service of the motion and that replies should be filed within 15 days of the service of the memorandum in opposition.

    **(2) Deadline for joining additional parties or amending pleadings.** Neither plaintiffs nor defendant anticipates joining additional parties or amending their pleadings. Neither party believes that the factual or legal issues can be narrowed until discovery closes and/or such time as the Court rules on the anticipated dispositive motion(s).

    **(3) Assignment to a Magistrate Judge.** The parties agree that this case should not be assigned to a Magistrate Judge for any purpose, including trial.

    **(4) Settlement Possibility.** The parties do not see a realistic possibility of settlement until the completion of discovery, but will remain open to settlement discussions.

    **(5) Alternative dispute resolution.** The parties believe that it is too early in the litigation of this case to determine whether this case could benefit from the Court's alternative dispute resolution (ADR) procedures. Following the completion of discovery, the parties will inform the Court if it appears that the Court's ADR process might be useful.

    **(6) Resolution by summary judgment or motion to dismiss.** Defendant anticipates filing a motion for summary judgment following the close of discovery, and Plaintiffs may file a motion for partial summary judgment. In that event, the parties suggest a dispositive motion schedule whereby motions for summary judgment shall be filed by August 31, 2007 (30 days after the close of discovery), oppositions to such motions shall be filed within 30 days after the filing of the dispositive motion, and that any reply to the opposition shall be filed within 15 days after the filing of the opposition. Defendant requests that the Court render its decision on any

motions for summary judgment 30 days before the pretrial conference.

**(7) Initial disclosures.** The parties propose that initial disclosures authorized under Fed. R. Civ. P. 26(a)(1) be served by February 16, 2007.

**(8) Discovery.**

(a) <u>Commencement and duration</u>.  The parties agree that all discovery shall be completed by July 31, 2007.

(b) <u>Limits on discovery</u>.  The parties agree that discovery matters, including limitations placed on discovery, shall be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia.

(c) <u>Protective order</u>.  The Court approved the parties' stipulated protective order on September 18, 2007.

**(9) Experts.**  The parties propose that Plaintiff's expert report(s) be submitted by May 31, 2007, and that Defendant's expert report(s) be submitted by June 29, 2007.  The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts shall apply.

**(10) Class actions.**  This Court, by Order and Memorandum Opinion of July 25, 2006, granted plaintiffs' motion for class certification.

**(11) Bifurcation of discovery and/or trial.**  The parties agree that the initial trial should concern liability only.  If it should be decided that the Defendant is liable, the parties believe that they are likely to be able to resolve or narrow issues of damages through negotiations.  The parties agree that some post-trial discovery regarding damages may be necessary.

**(12) Proposed date for the pretrial conference.**  Plaintiff requests that the Court set the pretrial conference for November 30, 2007.  Defendant requests that the Court set a pretrial conference date 30 days after its ruling on motions for summary judgment filed in accordance

4

with paragraph 6 above.

**(13) Trial date.** Plaintiffs recommend that a firm date for the initial trial on the liability issue should be set at the first scheduling conference, and they estimate that the initial trial on liability should be completed in three days. Defendant requests that a trial date be set at the pretrial conference and estimates that the trial on the liability issue may require five days.

**(14) Other matters.** The parties may, by agreement, adjust the time limits set forth with respect to initial disclosures and expert reports, but shall not do so without the approval of the Court in a manner which would delay the date for filing dispositive motions.

A proposed scheduling order is attached. In the light of the disagreement of the parties on when the pretrial conference and the trial date should be set, those portions of the proposed order are in brackets.

Respectfully submitted,

| /s/ David L. Rose | /s/ William S. Jones |
|---|---|
| David L. Rose | William S. Jones |
| D.C. Bar No. 376379 | Georgia Bar No. 404288 |
| Rose & Rose, P.C. | Counsel, Legal Division |
| 1320 19th Street, N.W. | Federal Deposit Insurance Corporation |
| Suite 601 | 3501 N. Fairfax Drive (VS-E6006) |
| Washington, D.C. 20036 | Arlington, VA 22226 |
| (202) 331-8555 | (703) 562-2362 |
| (202) 331-0996 (Fax) | (703) 562-2482 (Fax) |
| Attorney for Plaintiff | Attorney for Defendant |

Dated: February 1, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **BARBARA ALIOTTA, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Case No. 1:05-cv-02325-RMU |
| **SHEILA C. BAIR,** **Chairman,** **Federal Deposit Insurance Corporation,** | ) ) ) ) ) | |
| **Defendant.** | ) ) | |

**SCHEDULING ORDER**

The following schedule shall apply to the above-captioned case:

      Initial disclosures by:      February 16, 2007

      Plaintiffs' experts' reports submitted by:      May 31, 2007

      Defendant's experts' reports submitted by:      June 29, 2007

      Discovery to be completed by:      July 31, 2007

      Dispositive motions by:      August 31, 2007

      [Final Pretrial Conference Date:      ]

      [Trial Date:      ]

SO ORDERED this ___ day of _____, 2007.

 

_____
RICARDO M. URBINA
United States District Judge