UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA ALIOTTA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02325-RMU |
| ) | |
| SHEILA C. BAIR, ) | |
| Chairman, ) | |
| Federal Deposit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION CONCERNING BIFURCATION OF TRIAL
AND THE SERVICE OF EXPERT REPORTS ON DAMAGES**

The parties jointly file this motion to bifurcate the trial in this case and to extend the due date to serve expert reports on damages and complete discovery on damages, and in support of this Joint Motion state the following:

On February 1, 2007, the parties filed their Joint Report pursuant to Local Civil Rule 16.3 and this Court's Order entered on January 11, 2007. In the Joint Report, the parties agreed as follows with respect to bifurcation of discovery and/or trial:

> **(11) Bifurcation of discovery and/or trial.** The parties agree that the initial trial should concern liability only. If it should be decided that the Defendant is liable, the parties believe that they are likely to be able to resolve or narrow issues of damages through negotiations. The parties agree that some post-trial discovery regarding damages may be necessary.

On July 16, 2007, pursuant to a consent motion filed by Plaintiffs and granted by the Court, Plaintiffs filed the incomplete expert report of John J. DeLuca, CPA, CVA, who has been retained to render an expert opinion on the level of damages incurred by Plaintiffs. Plaintiffs have indicated that Mr. DeLuca's report will be subject to modification as additional information

is obtained.

Defendant's expert report(s) are due on August 20, 2007. While Defendant intends to file an expert report concerning the issue of liability on that date, Defendant believes that it would be premature at this point to file a rebuttal expert report as to damages, before the question of liability has been decided. The certified class includes ex-employees who lost their jobs as a result of the RIF, ex-employees who left the FDIC prior to the RIF with a buyout, current employees who transferred to other jobs within the FDIC prior to the RIF, and current employees who received lower-graded jobs as a result of the RIF. The liability issues with respect to each of these groups differ, and the Court's ultimate determination as to liability may narrow the damages issues considerably.

Moreover, Plaintiffs are working on, but have not yet responded to, Defendant's First Requests for Production of Documents (attached), a number of which pertain to the issue of damages in this case. Documents responsive to these requests will be needed in order for Defendant's damages expert to properly respond to Plaintiffs' expert's report concerning damages. The parties also believe that it would be premature to require the parties to depose each other's respective expert on damages by the current September 26 discovery cut-off, prior to a determination as to liability.

The parties have agreed that, in the interest of judicial economy and to best preserve the parties' resources, it would be beneficial to bifurcate these class action proceedings, as proposed in the Joint Report. Cf. Berger v. Iron Workers Reinforced Rodmen, Local 201, 170 F.3d 1111, 1124 (D.C. Cir. 1999) ("Class action lawsuits brought under Title VII are typically bifurcated into two phases, a liability phase and a damages phase . . . ."). Accordingly, the parties request that these proceedings be bifurcated into liability and damages phases, and that the following be

deferred until after the issue of liability has been determined, with a more precise schedule to be entered if the Court finds for Plaintiffs on the issue of liability: (1) completion of Plaintiffs' expert report on damages; (2) disclosure of Defendant's rebuttal expert testimony on damages pursuant to Fed. R. Civ. P. 26(a)(2); and (3) depositions of the parties' experts on damages.  A proposed order is attached.

Respectfully submitted,

/s/ David L. Rose                                                /s/ William S. Jones
_____          _____
David L. Rose                                                      William S. Jones
D.C. Bar No. 376379                                          Georgia Bar No. 404288
Rose & Rose, P.C.                                              Counsel, Legal Division
1320 19th Street, N.W.                                      Federal Deposit Insurance Corporation
Suite 601                                                             3501 N. Fairfax Drive (VS-E6006)
Washington, D.C. 20036                                   Arlington, VA 22226
(202) 331-8555                                                   (703) 562-2362
(202) 331-0996 (Fax)                                         (703) 562-2482 (Fax)

Attorney for Plaintiff                                         Attorney for Defendant

Dated: August 10, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **BARBARA ALIOTTA, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02325-RMU |
| ) | |
| **SHEILA C. BAIR,** ) | |
| **Chairman,** ) | |
| **Federal Deposit Insurance Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

UPON CONSIDERATION of Defendant's Consent Motion Concerning Damages Experts, it is this ____ day of August, 2007,

ORDERED that Defendant's motion is granted, and it is further

ORDERED that these proceedings shall be bifurcated into liability and damages phases, and that the following shall be deferred until after the issue of liability has been determined, with a more precise schedule to be entered if the Court finds for Plaintiffs on the issue of liability: (1) completion of Plaintiffs' expert report on damages; (2) disclosure of Defendant's rebuttal expert testimony on damages pursuant to Fed. R. Civ. P. 26(a)(2); and (3) depositions of the parties' experts on damages.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE