UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ALIOTTA, et al._____, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | Case No. 1:05-cv-02325-RMU |
| ) | |
| SHEILA C. BAIR, ) Chairman, ) Federal Deposit Insurance Corporation, ) ) | |
| Defendant. ) _____) | |

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 34, the defendant, Sheila C. Bair, Chairman, Federal Deposit Insurance Corporation ("FDIC"), requests that Plaintiffs produce all of the documents listed below, for the purposes of inspection and copying, and serve said information upon the undersigned within thirty (30) days of the date of service. Responses should be served, and documents produced, to counsel for defendant at the following location:

>William S. Jones
>FDIC Legal Division
>3501 Fairfax Drive, Room VS E-6006
>Arlington, VA 22226
>703-562-2362
>703-562-2482 (fax)

**DEFINITIONS**

As used herein, the terms listed below shall be defined as follows:

A.  "You" and "Your" refer to the Plaintiffs in this case and, in the appropriate context, includes all persons acting in the interest or on behalf of the Plaintiffs in this case, including attorneys, agents, consultants, etc.

B.  "Person" refers to natural persons as well as to all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, and governmental agencies or bodies.

C.  "Writing(s)" and "document(s)" include all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001, and any other electronic or "hard copy" means of recording information or data. Additionally, any and all attachments or enclosures to a document are deemed to be a part of the document, and any non-identical copies of a document (whether different from the original because of notes made on the copy or otherwise) are deemed to be distinct documents.

D.  "And" as well as "or" shall be construed both in the disjunctive and the conjunctive so as to bring within the scope of each of these interrogatories any information that otherwise might be construed to be outside the scope of any interrogatory.

E.  "Complaint" refers to the Amended Complaint filed in this Civil Action.

F.  "FDIC" refers to the Federal Deposit Insurance Corporation.

**INSTRUCTIONS FOR USE**

    A.    When a document is requested, the request includes documents in the possession, custody, or control of the Plaintiffs, their attorneys, investigators, agents, and persons under contract with Plaintiffs or other representatives of the Plaintiffs.

    B.    If a claim of privilege is asserted concerning any document requested, state as to each privileged document or communication:

(1) its date;
(2) its author(s);
(3) the business title or position of its author(s);
(4) its recipient(s);
(5) the business title or position of its recipient
(6) its number of pages;
(7) its subject matter;
(8) the legal basis upon which the plaintiff claims the privilege; and
(9) the specific portion of the interrogatory to which the communication and/or document is responsive.

**DOCUMENT REQUESTS**

1. Produce all documents that refer, reflect, relate to, support, or refute any of the claims, facts, damages, or injuries alleged in your Complaint.

2. For all Plaintiffs who no longer are employed by the FDIC, produce all documents showing their income and the source(s) of that income since they left their employment at the FDIC.

3. Produce all documents that refer, reflect or relate to each and every legal proceeding you have been involved in, whether federal or state, criminal, civil, or administrative.

4.  Produce any and all non-privileged statements (written, taped, or in whatever form they were given) by you or any person interviewed by you or on your behalf regarding the facts, damages, claims, testimony, or evidence related to this case, and any summaries of interviews or conversations with any person that relate to your complaint or your employment with the FDIC.

5.  Produce all logs, diaries, calendars, files, correspondence, memoranda, documents, and any personal notes that have any entries related to your discrimination claims or your employment with FDIC.

6.  Produce any formal or informal evaluations of your performance while employed at the FDIC, including, without limitation, all annual performance appraisals, any other performance appraisals, awards, commendations, letters of admonition, reprimands, records of any disciplinary action, and informal evaluations.

7.  Produce any other documents submitted to, or received from, any agents and/or employees of the United States and/or the FDIC, that (i) relate to any personnel actions affecting you during your employment with the FDIC, or (ii) that relate or refer to any of the claims in this action.

8.  Produce a copy of the Official Personnel File of Plaintiff Robert Anderson.

9.Produce a copy of the Official Personnel File of Plaintiff James Connell.

10.Produce a copy of the Official Personnel File of Plaintiff Kathy Frantum.

11.Produce all documents relating to any formal or informal grievances or complaints of discrimination (whether or not related to age discrimination) filed by you or on your behalf.

12.Produce any documents furnished to, or received from, any witness or class member pertaining to this case.

13.Produce any documents received from the FDIC and/or submitted to the FDIC in connection with any incentive to separate from the FDIC offered in 2004 - 2005.

14.Produce any documents received from the FDIC and/or submitted to the FDIC in connection with your application(s) for any position(s) in any division or office of the FDIC from 2000 to the present.

15.Produce any documents received from the FDIC and/or submitted to the FDIC in connection with your involuntary separation from the FDIC pursuant to the DRR reduction in force in 2005.

16. If you are no longer employed by the FDIC, produce any documents relating to your efforts to obtain other employment from 2004 to the present.

        Respectfully submitted,

        /s/ *William S. Jones*

William S. Jones
Georgia Bar No. 404288
Stephen J. Kessler
D.C. Bar No. 382427
Federal Deposit Insurance Corporation
3501 Fairfax Drive, Room VS E-6006
Arlington, VA 22226
703-562-2362
703-562-2482 (fax)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** to be served on counsel for Plaintiffs on this 30th day of April, 2007, by e-mail (to DaveR@roselawyers.com) and by first-class United States mail, addressed to:

> David L. Rose, Esq.
> Rose & Rose, P.C.
> 1320 19th Street, N.W., Suite 601
> Washington, D.C. 20036

/s/    *William S. Jones*

William S. Jones