UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA ALIOTTA, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02325-RMU |
| ) | |
| SHEILA C. BAIR, ) | |
| Chairman, ) | |
| Federal Deposit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSION**

Pursuant to the Federal Rules of Civil Procedure, Rules 33 and 36, the defendant, Sheila C. Bair, Chairman, Federal Deposit Insurance Corporation ("FDIC"), requests that Plaintiffs provide a written answer to each of the interrogatories and requests for admission set forth below, separately, fully, in writing and under oath, and serve said information upon the undersigned within thirty (30) days of the date of service. Responses should be served, and documents produced, to counsel for defendant at the following location:

> William S. Jones
> FDIC Legal Division
> 3501 Fairfax Drive, Room VS E-6006
> Arlington, VA 22226
> 703-562-2362
> 703-562-2482 (fax)

**DEFINITIONS**

As used herein, the terms listed below shall be defined as follows:

A.   "You" and "Your" refer to the Plaintiffs in this case and, in the appropriate context, includes all persons acting in the interest or on behalf of the Plaintiffs in this case, including attorneys, agents, consultants, etc.

B.   "Person" refers to natural persons as well as to all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, and governmental agencies or bodies.

C.   "Identify" or "identity" when used in reference to a natural person means to state his or her:

(1) full name;
(2) present or last known business and residence addresses and telephone numbers;
(3) present or last known official business position and grade level; and
(4) business affiliation, address, title, and grade level for the time referenced in the particular interrogatory.

D.   "Identify" or "identity" when used in reference to a business entity means to state its:

(1) full name;
(2) present or last known form of organization corporation, partnership;
(3) form or organization for the time referenced in the particular interrogatory; and
(4) present or last known address of its principal place of business.

E.   "Writing(s)" and "document(s)" include all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001, and any other electronic or "hard copy" means of recording information or data. Additionally, any and all attachments or enclosures to a document are deemed to be a part of the document, and any non-identical copies of a document (whether different from the original because of

2

notes made on the copy or otherwise) are deemed to be distinct documents. If it is claimed that a document has already been provided to the Agency, identify the document and the person who has custody or control of the document, or to whom it was given.

      F.    "Identify" when used in reference to a "document" as defined herein means to provide, with respect to it, the following information:

    (1)    the date or approximate date;
    (2)    its title or heading, nature (e.g., letter, telegram, memorandum), substance, and location, with sufficient particularly to enable it to be easily identified by its custodian in response to a subpoena duces tecum or a motion to produce;
    (3)    the name, official business position, and business address of:

        (i)    its present custodian;
        (ii)    its author and any other person who assisted in preparing it;
        (iii)    the person who signed it or over whose signature it was released; and
        (iv)    the person whom it was addressed and any other recipients.

In lieu of providing the information requested in the foregoing subparagraphs (1) through (3) of this definition, the writing or document may be identified by attaching a true and legible copy thereof to your answers to these interrogatories, together with a notation indicating to which interrogatory or interrogatories, and subparts thereof, the writing or document is responsive.

      G.    To "describe" means to provide with respect to any act, occurrence, transaction, event, statement, communication or conduct (hereinafter collectively referenced as an "act") all facts concerning any such act, including but not limited to a description of each act, the date, the location, and the names and addresses of all persons involved.

      H.    "Refer or relate" means to consist of, embody, summarize, describe, mention, or in any way pertain to.

3

    I.    "And" as well as "or" shall be construed both in the disjunctive and the conjunctive so as to bring within the scope of each of these interrogatories any information that otherwise might be construed to be outside the scope of any interrogatory.

    J.    When an interrogatory asks for the factual "basis" for any contention, statement, defense, claim, allegation, belief or conclusion, the response shall include, but not be limited to, the description, identification, and enumeration of:

    (1)    all facts relating in any way to the contention, statement, defense, claim, allegation, belief or conclusion;
    (2)    each and every document that records, reflects or relates in any way to such facts;
    (3)    each and every statement or item of testimonial or other evidence that relates in any way to such facts;
    (4)    the name of each and every person consulted, relied on, or with knowledge for the substantiation of such contention, statement, defense, claim allegations, belief or conclusion.

    K.    "Complaint" refers to the Amended Complaint filed in this Civil Action.

    L.    "FDIC" refers to the Federal Deposit Insurance Corporation.

## INSTRUCTIONS FOR USE

    A.    When information is requested, the request includes information in the possession, custody, or control of the Plaintiffs, their attorneys, investigators, agents, and persons under contract with Plaintiffs or other representatives of the Plaintiffs.

    B.    If a claim of privilege is asserted concerning any information sought, state as to each privileged document or communication:

    (1)    its date;
    (2)    its author(s);
    (3)    the business title or position of its author(s);
    (4)    its recipient(s);
    (5)    the business title or position of its recipient
    (6)    its number of pages;
    (7)    its subject matter;

  (8) the legal basis upon which the plaintiff claims the privilege; and

  (9) the specific portion of the interrogatory to which the communication and/or document is responsive.

  C. Each interrogatory is to be answered separately and fully. However, these interrogatories are not intended to require duplicative answers. To the extent that duplication may appear to be required it will suffice if reference is made to other relevant answers already supplied.

  D. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate.

  E. If any of the information furnished is not within the personal knowledge of the Plaintiffs, identify each person who provided such information to the Plaintiffs and to whom the information is a matter of personal knowledge, if known.

  F. If, after a reasonable and through investigation, using due diligence, you are unable to answer any interrogatory, or any part thereof, on the grounds of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of any interrogatory and set forth the facts upon which such knowledge or belief is based.

  G. Answers or documents are to be labeled to indicate the interrogatory to which they respond.

  H. Whenever necessary to provide a complete answer to any of these interrogatories, or to bring within the scope of an interrogatory the broadest possible range of information, the singular form of a word shall be interpreted as plural and references to one gender shall include the other gender.

I. These interrogatories shall constitute a continuing request for information so as to require a response to be amended if you become aware that your original response is incomplete or incorrect. Any supplemental responses shall be furnished to the defendant as soon as possible after the new information becomes available.

J. If anyone other than the Plaintiffs has provided answers to these interrogatories, please provide the full name, title, position, and address of the individual(s) who have provided such answers, as well as an acknowledgment that such individual(s) have provided answers under penalty of perjury which are true, correct, and based on the individual's personal knowledge.

## INTERROGATORIES

1. Identify each person who has knowledge of the facts complained of in your Amended Complaint and describe the person's knowledge.

2. Describe any non-privileged conversations or interviews with any person(s) regarding any of your allegations that the actions of the defendant amounted to unlawful discrimination or violation of the law, and identify each and every statement from, or summary of the conversation or interview with, such person(s).

3. With respect to the allegations in paragraph 85 of your Amended Complaint, state all facts upon which you base your allegation that "The 2005 RIF was designed and intended by Defendant Agency to have a disparate impact against its employees over age 50; and the RIF actually had a disparate impact against such employees."

4. State all facts upon which you base your contention on page 15 of your Motion for Class Certification (filed April 21, 2006) that "DRR was targeted for the 2005 RIF because DRR was an 'old' agency . . . ."

5. Describe in detail all damages and relief you are seeking in this case.

6. Describe all efforts to mitigate your damages after September 3, 2005 (or such earlier date when you contend damages began to accrue), including, without limitation, efforts to secure other employment, any jobs offered to you, job offers declined, periods of employment and unemployment, and income received from all sources.

7. For each request for admission set forth below that is denied in whole or in part, state all facts upon which you base such denial.

## REQUESTS FOR ADMISSION

1. In the fall of 2006, plaintiff Barbara Aliotta, who was on the FDIC's Reemployment Priority List as a separated employee, was offered a job through the FDIC's Corporate Employee Program,

2. Ms. Aliotta she declined the job offer referenced in request no. 1 above.

3. In the fall of 2006, plaintiff Dennis Keller, who was on the FDIC's Reemployment Priority List as a separated employee, was offered a job through the FDIC's Corporate Employee Program.

4. Mr. Keller accepted the job offer referenced in request no. 3 above.

5.  Each Plaintiff who retired or resigned from the FDIC submitted a signed copy of the appropriate statement of intent to retire or resign, which was available through the 2004/05 buyout website.

6.  Each Plaintiff who accepted a buyout from the FDIC submitted a Buyout Program Payment Election Request form 2800/35, which was available through the 2004/05 Buyout website.

Respectfully submitted,

/s/ *William S. Jones*

William S. Jones
Georgia Bar No. 404288
Stephen J. Kessler
DC Bar No. 382427
Federal Deposit Insurance Corporation
3501 Fairfax Drive, Room VS E-6006
Arlington, VA 22226
703-562-2362
703-562-2482 (fax)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSION** was served on counsel for Plaintiffs on this 13th day of August, 2007, by e-mail and by United States mail, addressed to:

>David L. Rose, Esq.
>Rose & Rose, P.C.
>1320 19th Street, N.W., Suite 601
>Washington, DC 20036

>/s/ *William S. Jones*
>_____
>William S. Jones