UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ALIOTTA, et al and Others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) SHEILA BAIR, CHAIRMAN, ) FEDERAL DEPOSIT INSURANCE ) CORPORATION, ) ) Defendant. ) ) | Case Number 1: 05CV02325  CLASS ACTION |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY.**

David L. Rose
Joshua N. Rose
Dotie Joseph
ROSE & ROSE, P.C.
1320 19th Street, NW, Suite 601
Washington, D.C. 20036
(202) 331-8555
(202) 331-0996 fax

Dated: February 25, 2008                 Attorneys for Plaintiffs

## TABLE OF CONTENTS

Page No.

**Table of Contents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

The Basic Undisputed Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

Page No.

**STATUTES AND REGULATIONS**

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621
    *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,6,7,8

29 U.S.C. § 626 (b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C.§ 626 (f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

29 C.F.R. § 22(d)(3) and 22(f)(iii)(B) and (C) and (iv)(3) . . . . . . . . . . . . . . . . . . 6

29 C.F.R. § 1625.22(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

29 C.F.R. § 1625.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

29 C.F.R. § 1625.7(d) and (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7

**CASES**

Cova v. Coca-Cola Bottling Co. of St. Louis, Inc.,
    574 F.2d 958, 959-60 (8th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FTC v. Morton Salt Co.,
    334 U.S. 37, 44-45 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Laugseen v. Anaconda Co.,
    510 F.2d 307, 315 (6th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Meacham et al v. Knolls Atomic Power Lab,
    461 F.3d 134 (C.A. 2 (N.Y.) 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pippin v. Burlington Res. Oil & Gas Co.,
    440 F.3d 1186 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Reeves v. Sanderson Plumbing Products, Inc.</u>,
    530 U.S. 133, 150 (U.S. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Shaffer ex rel. Schaffer v. Weast</u>
    546 49, 57 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Smith et al v. City of Jackson,</u>
    544 U.S. 228, 125 S Ct. 1536, 1544 (2005) . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Western Air Lines, Ind. v. Criswell,</u>
    472 U.S. 400, 416-417 & n. 24 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

The plaintiffs are 52 current and former employees of the Defendant FDIC. were in 2005 over the age of 50. This Court in its Memorandum Opinion of July 25, 2006 granted the plaintiffs' motion for class certification. Dockets 19 and 20. Plaintiffs and the class allege that FDIC's program "to trim its workforce" in 2005 Memo. Op. at 1. Donald Powell, who was Chairman and CEO of Defendant though all of 2004 and almost all of 2005 testified that he told groups of its employees "...on occasions I want young people around me...they have all the innovative ideas...I'm sure on occasions I have talked about the value of young people in an organization ...I would do that often." Dep. of Powell at 13-14.

**THE BASIC UNDISPUTED FACTS**

Pursuant to that 2005 Buy Out and RIF program the FDIC terminated its employment of 588 career employees, of whom 370 were over the age of 50, or 19.7% of its 1,509 oldest career employees; but it terminated only 218 or 7.7 %, of its younger employees. Table 12, Seberhagen Declaration of Sept. 26, 2007. Similarly it terminated the employment of 178 employees of the FDIC in DRR, of whom 132 were 50 or older, and only 46 of whom were under 50. Tables 10 and 11.

On Sept. 2, 2005, the FDIC announced a program aimed at recruiting

candidates for employment on college campuses and elsewhere, although its involuntary terminations of older employees was not effective until Sept. 3, 2005.

The FDIC hired in 2005, 214 new employees, of whom 93.9% were under the age of 40, and only 6.3% were 50 or older. It hired 59 new employees into Grade 7 and an additional 17 into Grade 9. The FDIC hired 62 new employees into Corporate University, which was created in 2005; and we believe that most the 59 as Grade 7 and some at grade 9 became "students" or "interns" at Corporate U., and thus began their four or three year enrollment in the program to make them eligible to take the examination for Financial Institution Examiner.

Three aspect of the downsizing program of 2005 indicate that it was intended to result in the age discriminatory results shown above.

In 2005, the FDIC began its Corporate Employee recruiting and hiring program which it began to implement in 2005. The Corporate Employee program was designed to recruit on college campuses and elsewhere for candidates to train and obtain experience for four years in order to become examiners of banks and savings and loan financial institutions. If the persons employed under that Program remain employed for four and pass an examination to become certified examiners and can certify the soundness of the practices of the examined institution.

Under that program the FDIC hired at least 56 new non-career employees as as Financial Institution Specialists, grades 7 and 9. Of those new employees, only 6 were over age 50, and 37 were under the age of 40.

The DRR was the oldest Division in terms of the age and service of its employees. The FDIC 2005 Buyout And RIF program directed that Division to reduce its work force by 53 or 54% from 503 to 240 permanent employees. It did so terminating the employment of 179 such employees and an additional 59 employees from DRR primarily to DSC. Under that program the FDIC terminated the employment of 114 employees in DIT, org. 51, which had a close to 50% of its employees age 50 or above. Table 20, Org. 51. In the Division of Administration the FDIC employed about 408 employees of whom 46%, or 408 were over the age of 50, and its work force was reduced by 67 employees. Table 3 Seberhagen Report.

In addition to the 135 employees of the FDIC in DRR whose employment was terminated effective on or before May 14, 2005, it terminated effective September 3, 2005, the employment of another 27 employees over the age of 50 whose employment by retirement in lieu of involuntary action.

Further at least 76 employees from DRR transferred to DSC or another Division, of whom at least 46 were above the age of 50. The only positions open

3

to bid were Grade 12 and below. Accordingly, many of the employees, including Greg Haag, who held G 13 or 14 positions were obliged to accept a reduction in grade. Although their annual salary was not immediately reduced, they would be held at that salary for years to come if they continue their employment.

## ARGUMENT

The Equal employment Opportunity Commission is by the terms of E. O. 12016 (1978) granted lead authority over the federal departments and agencies, and the heads of those agencies are obliged to accept the regulations and rules and interpretations promulgated by the Commission. E O. 12016, at Paras. 4 and 5..

Under the ADEA, the "reasonable factor other than age' is an exception to the Act, 29 U. S. C. 626(b)(4); 29 C. F. R. 1625.7.

The burden of proving justification or exemption under a special exception to the prohibitions of a statute normally rests on the party who claims its benefits. FTC v. Morton Salt Co., 334 U. S. 37, 44-45 (1948). Accord: Shaffer ex rel. Schaffer v. Weast, 546 49, 57 (2005).

Congress placed the "reasonable factor other than age exception" in 29 U. S. C. 626(f)(1), together with the " bone fide occupational qualification" or BFOQ, exception. Id. The BFOQ exception to the prohibition on age discrimination in the ADEA is an affirmative defense to the employer who claims its benefits. Western

Air Lines, Ind., 472 U. S. 400, 416-417& n. 24 (1985).In that case, the Court noted that an EEOC regulation so provided, and was consistent with the legislative history of the ADEA. Id.

The normal construction of such placement is that Congress intended the same burden for the "reasonable factor other than age" exception. See cases cited above. In any event, the EEOC regulation should control, particularly with respect to Federal agencies, in light of E. O. 12016.

In this case, Defendant has not offered evidence to show a defense based upon "a reasonable factor other than age" Sec. 4(f)(1) of ADEA, 29 U. S. C. 626(f)(1); 29 C. F.R. 1625.7.

The Regulation of the Commission states: "When the exception of a 'reasonable factor other than age is raised...the employer bears the burden of showing that the 'reasonable factor other than age' exists. 29 C. F.R. 1625.7(e).Yet the burden is on the employer to do so.

Under Executive Order 12106 (1978) the EEOC is 'responsible for directing and furthering implementation of the Policy ....to provide equal opportunity in Federal employment for all employees...and to prohibit discrimination in employment because of ....age." See Sec. 3. That Order also directs the Commission "to issue such ...regulations...and instructions....", and

5

states that "The head of each department or agency shall comply with the ...regulations ...and instructions..issued by" the Commission. E. O. 2106 at Sec. 3, 4, and 5. See also, Reorganization Plan No. 1 of 1978, 43 FR 19807.

The ADEA Regulations of the EEOC provide that when an employment practice by an employer causes an "adverse impact" against "individuals within the protected age group, it can only be justified as a business necessity."

The Regulations also recognizes that the ADEA makes reference to "exit incentive" program that offers additional consideration in exchange for their decision to resign or retire voluntarily, and that such program require valid waivers under the ADEA. 29 C. F. R. 1625.22(d)(iii)H. In addition there is the class of employees hired by an involuntary program. The Regulations provide that in identifying the scope of a class or organizational unit involved.

In this case, the decisional unit in this case is the FDIC because the incentive for a buyout was offered to all or almost all of the employees of the FDIC were offered the incentive to leave the employment of the agency. 29 C. F. R. 1625.22(d)(3). Similarly, all of the decisions made by the FDIC were made at its headquarters in the District of Columbia, so that the 2005 program had only one decisional unit. 29 C.F. R. 22(d)(3) and 22(f)(iii)(B) and (C) and (iv) (3).

Whether an employer had a discriminatory intent is one for the finder of

fact. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 (2000). However, plaintiffs no longer need to prove discriminatory intent in order to obtain relief.  Smith v. City of Jackson, 544 U. S. 222 (2005),

Under the ADEA regulations of the Commission if an employment practice has an discriminatory impact against individuals within the protected age group, it can only be justified as business necessity...the employer bears the burden of showing that the 'reasonable factor other than age...exists factually.." 29 C. F. R. 1625.7(d), and (e).

In this case, the Defendant Agency did not prove the existence of any such factor, but contended itself with a vague statement in the Answer that it had good business reasons for carrying out the program.

The Regulations of the EEOC expressly provide that "when,,,such a practice has an adverse impact on individuals within the protected age group, it can only be justified as a business necessity." 29 C.F. R. 1625.7(d); Smith et al. v City of Jackson, et al., 544 U. S. 228, 125 S Ct. 1536, 1544 ( 2005). As the Court stated in fn 11, Congress in the EPA barred recovery if a pay differential is based upon "any other factor" other than sex. The Court noted "the fact that Congress provided that employees [read employers ?] could use only *reasonable* factors in defending a suit under the ADEA is therefore instructive.

7

See also, 1625.(e) ("When the exception of a 'reasonable factor other than age' is raised against an individual claim of discriminatory treatment, the employer bears the burden of showing that the 'reasonable factor other than age exists..factually.'"See Brief for the U. S. as Amicus in S. Ct. No 06-1505 Meacham et al v. Knolls Atomic Power Lab., 461 F.3d 134 (C.A.2 (N.Y.) 2006) at 17-18; see also, e.g. , Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186 (10th Cir. 2006); Laugseen v. Anaconda Co., 510 F.2d 307, 315 (6th Cir. 1975) (burden of persuasion on an employer in a disparate impact case); Cova v. Coca-Cola Bottling Co. of St. Louis, Inc., 574 F.2d 958, 959-60 (8th Cir. 1978)(employers bears the burden of proving an RFOA defense in a disparate treatment case); but see contra, Meacham, supra.

    The Supreme Court granted review of that decision on the Petition of the plaintiffs for summary judgment in S. Ct. No. 1505, scheduled fo oral argument on April 23, 2008.  The Court granted review of the question of whether the employer or employee had the burden of proof under the ADEA.

    The employer in that case is however not a Federal Department or Agency, so that the Regulation of the EEOC is not binding on the employer, as it is in this case.

## CONCLUSION

For the forgoing reasons, this court should grant this motion of the Plaintiffs for summary judgment.

Respectfully Submitted,

/s/ David L. Rose
David L. Rose
Joshua N. Rose
Dotie Joseph
ROSE & ROSE, P.C.
1320 19th Street, NW, Suite 601
Washington, D.C. 20036
(202) 331-8555
(202) 331-0996 fax
daver@roselawyers.com
josh@roselawyers.com
djoseph@roselawyers.com

Dated: February 25, 2008          Attorneys for Plaintiffs