## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBARA ALIOTTA, et al and | ) | |
| Others similarly situated, | ) | |
| | ) | Case Number 1: 05CV02325-RMU |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADEA |
| | ) | |
| SHELA C. BAIR, | ) | Class Action |
| CHAIRMAN, FEDERAL DEPOSIT | ) | |
| INSURANCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFFS' NOTICE OF RECENT SUPREME COURT DECISIONS

In accord with the policy set forth in Rule 28(j), Fed. R. App. P., Plaintiffs call to the attention of the Court and the Defendant the Supreme Court's recent decisions in *Meacham v. Knolls Atomic Power Laboratory*, S. Ct. No. 06-1505, 554 U.S. ___ , 128 S. Ct. 2395 (June 19, 2008) and in *Gomez-Perez v. Potter, P.G.,* 544 U. S. ____, 128 S. Ct. 2931 (May 27, 2008). Both of the cases involved interpretation of the Age Discrimination in Employment Act (ADEA)

1.      In *Meacham v. Knolls Atomic Power Laboratory, supra,* the Court held  that a employer raising an affirmative defense of a Reasonable Factors Other than Age (RFOA) in response to a disparate impact claim bears both the burden of production and of persuasion. 128 S. Ct. *supra,* at 2400-2407.  The Court ruled  that the language of the ADEA concerning reasonable factors other than age,  29 U. S.C. 623(f)(1), "refers to an excuse or justification for behavior that, standing alone, violates the statute's prohibitions...[it] is...an affirmative defense entirely the responsibility of the party raising it." 128 S. Ct. at 2402. The Supreme Court granted review of the decision of the Second Circuit in *Meacham v. Knolls Atomic Power Lab.,* 461 F3d 147 (2d Cir. 2006), because the position

of the Second Court was in conflict with the decision of Ninth Circuit in *Western Air Lines, Inc. v. Criswell*, 709 F.2d 400, 408, n. 10 (1985). *Meacham v. Knolls Atomic Power Lab. supra,* 128 S. Ct. at 2400.

In this case, the Defendant FDIC asserted reasonable factors other than age in its Answer as its Ninth Affirmative Defense, as one of 19 affirmative defenses it set forth.

Defendant FDIC's theory of the case is based in large part upon its assertions that it was the Plaintiffs' burden to show " that the employer's stated reason was a pretext." Memo in Support at 22-24. In particular, Defendant FDIC argued that "To overcome the employer's defense of reasonable factors other than age, plaintiffs in an ADEA case must show that criteria used by the employer were unreasonable." FDIC Memo. in Support 22-24, citing *Pippin v. Burlington Resources oil & Gas Co.,* 440 F.3d 1186, 1200-1201 (10th Cir. 2006), an ADEA case. "Since the RIF was conducted in accordance with procedures promulgated by" OPM, "and since the necessity for the RIF was based on and correlated with activity in the banking industry, there can be no claim of unreasonableness..." Memo. in Support at 32. In its Reply, the Defendant argued that the Plaintiffs relied upon the same theory, and cited in addition to *Pippin, supra,* the decision of the Second Circuit in *Meachum v. Knolls Atomic Power Lab.,* 461 F.3d 134 (2d Cir. 2006), to argue that the Plaintiffs did not meet their burden. Defendant's Reply to Opposition to its Motion for Summary Judgment, at pp, 20-23.

The recent decision of the Supreme Court has resolved the dispute between the parties and holds that the RFOA provision is an affirmative defense and the employer attempting to raise it (the FDIC in this case) has the burden of production and the burden of persuading the finder of fact that its downsizing program harmed older workers disproportionately because its selections were based

upon reasonable factors other than age. *Meachum v. Knolls Atomic Power Laboratory, supra,* 128 S. Ct. at 2404-2407. As the Opinion of the Court there noted, the Regulations of the Department of Labor and the EEOC have interpreted the ADEA as allocating the burden of proof as to reasonable factor other than age to the employer whether the claim is for disparate treatment or discriminatory impact. [1]  *Meachum, supra,* 128 S. Ct. at 2402, fn,19; see 29 C. F. R. 1625(e).   Justice Scalia concurred in the judgment because he believes that matter is  resolved by the "sound judgment of the ....Commission, and because that position was not contrived." 128 S. Ct. at 2407.

2. In *Perez-Gomez v. Potter, P.G., supra,* the Court ruled that Congress' waiver of sovereign, immunity for "any discrimination based upon age" does include retaliation for the filing of an age discrimination administrative complaint, 128 S. Ct. *supra,* at1936. Defendant FDIC in this case argued that "Insofar as the plaintiffs are alleging disparate impact claims in this case...precedent in this jurisdiction holds that such claims are not cognizable claims against federal employers citing district court cases." Defendant's Motion and Memo in Support of Summary Judgment at page 23. That argument is fully repudiated by the decision in *Perez-Gomez v. Potter, supra,* which holds that Congress waived sovereign immunity not only on claims of age discrimination, but also on claims of retaliation for filing charges under the ADEA. 128 S. Ct. at 1936-1943.

---

[1] In the Court of Appeals the employer had argued that the burden of showing the employer's non-discriminatory intent was on the employer, but that the burden of showing adverse impact under a disparate impact analysis was on the employer.

Respectfully Submitted,


ROSE & ROSE, P.C.


/s/ David L. Rose
David L. Rose, DC Bar #376379
Joshua N. Rose, DC Bar #420606
Yuval Rubinstein, DC Bar #503489
1320 19th  St. N. W., Suite 601
Washington DC 20036
Phone (202) 331-8555
Fax (202) 331-0996
daver@roselawyers.com
josh@roselawyers.com
yrubinstein@roselawyers.com

July 8, 2008

4