UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA ALIOTTA, et al  )<br>  )<br>   Plaintiffs,  )<br>  )<br>   v.  )<br>  )<br> SHEILA C. BAIR,  )<br> Chairman,  )<br> Federal Deposit Insurance Corporation,  )<br>  )<br>   Defendant.  )<br>  ) | Case No. 1:05-cv-02325-RMU |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S NOTICE OF
<u>RECENT SUPREME COURT DECISIONS</u>**

On July 8, 2008, Plaintiffs filed a Notice of Recent Supreme Court Decisions concerning *Meacham v. Knolls Atomic Power Laboratory*, 128 S. Ct. 2395 (June 19, 2008) ("*Meacham*"), and *Gomez-Perez v. Potter*, 128 S. Ct. 1931 (May 27, 2008) ("*Gomez-Perez*"). Defendant agrees that the recent *Meacham* decision is pertinent to the case at bar, but not for the reasons advanced by Plaintiffs. While *Meacham* established that "an employer facing a disparate impact claim and planning to defend on the basis of RFOA (reasonable factors other than age) must not only produce evidence raising the defense, but also persuade the factfinder of its merit," 128 S. Ct. at 2398, the FDIC previously assumed this burden for purposes of the pending cross-motions for summary judgment:

> The question whether the employer or the employee bears the burden of proof on the RFOA issue is pending decision by the Supreme Court this term. However, the summary judgment evidence is so clear on this issue that Defendant is willing to assume *arguendo* for purposes of the cross-motions for summary judgment that the employer bears the burden of proof on this issue.

FDIC's Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF 46), at 3-4 (footnote citing *Meacham* omitted).

More pertinent here, the Supreme Court has in *Meacham* (citing its previous decisions in *Ward's Cove* and *City of Jackson*) once again reiterated that a plaintiff may not "merely allege a disparate impact or point to a generalized policy that leads to such an impact," but must instead "isolate and identify the *specific* employment practices that are allegedly responsible for any observed statistical disparities," cautioning that this requirement of "[i]dentifying a specific practice is not a trivial burden." 128 S. Ct. at 2405-06 (emphasis in original). As explained in the FDIC's previous filings, the *Aliotta* plaintiffs have utterly failed to meet this burden. *See* Def. MSJ (ECF 43) at 23, 30-32; Def. Opp. (ECF 46) at 7-11; Def. Reply Br. (ECF 51) at 20-21.

Further, Plaintiff's articulation (Notice at p. 2-3) of the employer's burden (as "persuading the finder of fact that . . . its selections were based upon reasonable factors other than age") misapprehends the Supreme Court's holdings. It is not the individual selections that are at issue incident to a disparate impact claim.[1] Rather, the question is whether a specific practice identified by plaintiffs has both resulted in a disparate impact and is not a "reasonable"[2] method of accomplishing the employer's objective. Here, that would translate (at most) to the question of whether offering a buyout prior to a RIF is a reasonable practice or policy.

Moreover, the *Meacham* decision has now unequivocally established that "the business

---

[1] And even if they were, the only RIF selections made by the employer (pursuant to OPM regulations) had a disparate impact, if at all, in favor of older employees. *See* Def. MSJ (ECF 43) at 38; Def. Reply Br. (ECF 51) at 4.

[2] The Supreme Court noted that the RFOA defense reflects a Congressional intent "to preserve a fair degree of leeway for employment decisions with effects that correlate with age" (*Meacham*, 128 S. Ct. at 2406), and emphasized its prior holding that even if there are other ways to accomplish an employment objective without a disparate impact, that is irrelevant so long as the one selected was "not unreasonable." *Id*. at 2405, n. 14 (citation omitted).

necessity test should have no place in ADEA disparate-impact cases." 128 S. Ct. at 2404.[3]

Accordingly, Plaintiffs' arguments to the contrary[4] and which rely on the text of 29 CFR § 1625.7(d) are without support, as the FDIC has consistently maintained. *See*, *e.g.*, Def. Opp. (ECF 46) at 4-6; Def. Reply Br. (ECF 51) at 17-18.

In *Gomez-Perez*, the other recent Supreme Court decision cited by Plaintiffs, the Court held that the doctrine of sovereign immunity does not preclude a federal employee who is a victim of retaliation due to the filing of a complaint of age discrimination from asserting a retaliation claim under the federal-sector provision of the ADEA. The pertinence of the *Gomez-Perez* decision to the case at bar is debatable, given the fact that the *Aliotta* plaintiffs have not asserted any claims of retaliation. More importantly, the FDIC has not argued the sovereign immunity point in its summary judgment motion. Rather, it merely noted decisions in this District reaching opposite conclusions on the issue.[5] Def. MSJ (ECF 43) at 23. The Agency's summary judgment argument then proceeds, "Assuming that such claims are cognizable . . . ." In any event, the FDIC has fully addressed the merits of Plaintiffs' disparate impact theory of liability, and has shown that it is wholly lacking in substance.[6]

---

[3] *See also* 128 S. Ct. at 2401, n. 9, agreeing with the statement of the United States as *amicus* that the EEOC's regulation found at 29 CFR § 1625.7(d) "takes a position that does not survive" *City of Jackson*, and noting the EEOC's March 31, 2008, proposed rulemaking to conform its regulations to the Supreme Court's decision in that case.

[4] *See* Pl. MSJ Brief (ECF 44-2) at 6-7; Pl. Opposition (ECF 47) at 18, 33-34; Pl. Reply Brief (ECF 49) at 18-21.

[5] Counsel has recently discovered that in *Silver*, the Court of Appeals subsequently affirmed summary judgment for the defendant in an unpublished opinion (attached), which assumed, *arguendo*, that plaintiff's disparate impact claim was cognizable.

[6] Most recently, on June 3, 2008 (in ECF 54, at 2), when Defendant (again) explained that "Plaintiffs' most recent filings serve to highlight the glaring error found in all of Dr. Seberhagen's analyses – that he includes in the same group and treats as similarly situated (at the behest of Plaintiffs' counsel) both (i) employees who voluntarily left the Agency in 2005 in response to its buyout offer, and (ii) those employees who were involuntarily terminated in the DRR RIF. *See* Defendant's MSJ Reply (ECF 51) at 5-16."

For all of the reasons set forth in its briefings to date and which are supported by the evidentiary record, the FDIC requests that summary judgment be entered in favor of Defendant.

        Respectfully submitted,

        */s/ William S. Jones*

        _____
        William S. Jones
        Georgia Bar No. 404288
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6006)
        Arlington, VA 22226
        (703) 562-2362
        (703) 562-2482 (Fax)

        Stephen J. Kessler
        D.C. Bar No. 382427
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6014)
        Arlington, VA 22226
        (703) 562-2311
        (703) 562-2482 (Fax)

        Attorneys for Defendant

Dated: July 17, 2008