UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ALIOTTA, et al and<br>  Others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>SHELA C. BAIR,<br>CHAIRMAN, FEDERAL DEPOSIT<br>INSURANCE CORPORATION,<br><br>               Defendant. | Case Number 1: 05CV02325-RMU<br><br>ADEA<br><br>Class Action |

**PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' NOTICE OF RECENT SUPREME COURT DECISIONS**

1.    The Supreme Court's June 19, 2008 decision in *Meacham v. Knolls Atomic Power Laboratory*, S. Ct. No. 06-1505, 554 U.S. ___ , 128 S. Ct. 2395 (2008) ruled that an employer raising a Reasonable Factors Other Than Age (RFOA) affirmative defense bears the burdens of production *and* persuasion. Defendant FDIC so acknowledges in its July 17 Memorandum.

In its opposition to Plaintiffs' motion for partial summary judgment, however the Defendant FDIC argued that "as long as an employment practice is not demonstrably unreasonable, it will constitute an RFOA." Dkt. 46, at 4 (citing *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1200-01 (11th Cir. 2006). Similarly, it cited "evidence of the reasons" set forth at pages 4-20 of its own motion for summary judgment to maintain that "[a]ll of this material is in the nature of reasonable factors other than age."*Id.*

In its Motion and Memorandum for Summary Judgment (Dkt. 43, at 23-24), Defendant quoted from *Pippin* to argue that the employee must show the employment policy was unreasonable,

and did likewise in its Reply. Dkt. 51, at 19-20.

In *Pippin*, the court held that a defendant asserting a RFOA affirmative defense bears the burden of production, but the plaintiff must persuade the factfinder that the defendant's asserted basis is unreasonable. *Pippin*, *supra*, 440 F.3d at 1200-1201. Defendant cited *Pippin* to argue that "[t]o overcome the employer's defense of reasonable factors other than age, plaintiffs in an ADEA case must show that the criteria utilized by the employer were unreasonable." *See* Dkt. 43, at 24. But the Tenth Circuit's holding in *Pippin* upon which Defendant relies has been abrogated by the Supreme Court in *Meacham* - it is Defendant employer, not the plaintiff, that bears the burden of persuasion.

2.    Defendant asserts in its July 17 Memorandum that Plaintiffs have not isolated and identified the specific employment policies responsible for the disparate impact against older workers. But that is not so. FDIC's 2005 downsizing program harmed the oldest of its employees at DRR. *See* Dkt.47, Pl. Memo. in Opp., at 4-9 (describing the purpose and implementation of the 2005 downsizing practices). Indeed, this Court acknowledged that Plaintiffs had identified employment programs in its July 25, 2006 opinion granting class certification which refers to that 2005 program and practice:

> [T]he court concludes that the plaintiffs and class members who accepted an offer (either for a buyout or reduction in grade) and who were terminated pursuant to the RIF present sufficiently common questions regarding the FDIC's practices in downsizing; specifically whether the downsizing programs were implemented in a discriminatory fashion.

*See* Dkt. 19, at 9.

The ensuing statistical analysis of Plaintiffs' expert, Dr. Lance Seberhagen demonstrates that Defendant's policy and practices in the 2005 downsizing programs had an adverse impact on its oldest DRR employees. In his most recent analysis from this past May, Dr. Seberhagen conducted

an impact analysis of RIF-related separations on January 1, 2005 and September 30, 2005. *See* Seberhagen Declaration, Dkt. 53, Exh. 1. Dr. Seberhagen found that the degree of discriminatory impact against DRR employees over age 50 was more than double the rate of those under the age of 50, with differences exceeding ten standard deviations. Id. at ¶13. Plaintiffs have thus identified the 2005 policy and programs that disproportionately harmed Defendant's oldest workers .

3. Defendant's July 17 memorandum is notably silent on what specific factor other than age it is asserting as an affirmative defense. Yet this omission is not surprising in light of its previous briefing. Defendant argued in its Motion for Summary Judgment that its "determinations of the 'skills most useful' to DRR based on its business needs were based on reasonable factors other than age." *See* Dkt. 43 at 28 (quoting *Pippin*, 440 F.3d at 1201). Nothing in *Meacham* enables a defendant to establish a RFOA by simply arguing that decisions its management makes are *per se* reasonable.

In any event, Plaintiffs have noted that Defendant did *not* consider the skills of the well-qualified older employees at DRR (Pl. Memo. in Opp., at 6), making Defendant's reliance on *Pippin* all the more flawed.

Along with its inability to clearly articulate a RFOA, Defendant's differentiation based on age precludes Defendant from asserting RFOA as an affirmative defense. The record evidence shows that Defendant *did* take age into consideration by offering early retirement incentives that it did not grant to employees under that age. Defendant FDIC understood that such offers would only be likely to attract those who had reached their MRA (minimum retirement age). *See* Pl. Exh. 3 to Bovenzi Depo., AL-DRR-00570 (quoted in Pl. Memo. in Opp., at 7).

Defendant's use of age as a limiting criterion makes the RFOA affirmative defense unavailable. 29 C.F.R. § 1625.7(c). *See Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802,

820-21 (9th Cir. 2004); *E.E.O.C. v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1540-42 (2nd Cir. 1996).

Nothing in *Smith v. City of Jackson* or *Meacham* affects the applicability of § 1625.7(c) in this case.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Partial Summary Judgment, or set this case for trial.

                    Respectfully Submitted,

                    ROSE & ROSE, P.C.

                    /s/ David L. Rose
                    David L. Rose, DC Bar #376379
                    Joshua N. Rose, DC Bar #420606
                    Yuval Rubinstein, DC Bar #503489
                    1320 19th St. N. W., Suite 601
                    Washington DC 20036
                    Phone (202) 331-8555
July 24, 2008                  Fax (202) 331-0996
                    daver@roselawyers.com
                    josh@roselawyers.com
                    yrubinstein@roselawyers.com

---

[1] Defendant is correct that the "business-necessity" test is no longer applicable in ADEA disparate impact cases. Plaintiffs were relying on the EEOC's regulation, 29 C.F.R. §1625.7(d), which set out the business-necessity standard. Although the law was unclear on this point during the parties' summary judgment briefing, the Supreme Court's opinion in *Meacham* has now resolved this issue. In any case, the *Meacham* opinion does not affect § 1625.7(c).