UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| BARBARA ALIOTTA, et al ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02325-RMU |
| ) | |
| SHEILA C. BAIR, ) | |
| Chairman, ) | |
| Federal Deposit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SUR-REPLY

On July 8, 2008, Plaintiffs filed a Notice of Recent Supreme Court Decisions, ECF Doc. 55, concerning *Meacham v. Knolls Atomic Power Laboratory*, 128 S. Ct. 2395 (June 19, 2008) ("*Meacham*"), and *Gomez-Perez v. Potter*, 128 S. Ct. 1931 (May 27, 2008) ("*Gomez-Perez*"). Defendant filed a Memorandum in Response, ECF Doc. 56 ("Memorandum") and a related attachment, ECF Doc. 56-2, on July 17, 2008.

Plaintiffs filed a Reply to Defendant's Memorandum in Response to Plaintiffs' Notice of Recent Supreme Court Decisions on July 24, 2008, ECF Doc. 57 ("Reply"). Because Plaintiffs' Reply presented additional arguments pertaining to the pending cross-motions for summary judgment, including an argument, presented for the first time, that 29 C.F.R. § 1625.7(c) "makes the RFOA affirmative defense unavailable" to the Defendant in this case,[1] Defendant filed a Motion for Leave to File a Sur-Reply, which the Court granted on July 28, 2008.

---

[1] Reply at 3. As Plaintiffs have candidly admitted, this new argument has nothing to do with the recent Supreme Court cases which were the subject of their original filing on July 8. Reply at 4 and at 4 n. 1.

In part 3 of the Reply (at 3-4),[2] Plaintiffs assert as follows:

- "Defendant's July 17 Memorandum is notably silent on what specific factor other than age it is asserting as an affirmative defense";

- "Defendant did not consider the skills of the well-qualified older employees at DRR";

- "Defendant [took] age into consideration by offering early retirement incentives that it did not grant to employees under that age";

- For this reason, "Defendant's use of age as a limiting criterion makes the RFOA affirmative defense unavailable," citing 29 C.F.R. § 1625.7(c); *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 820-21 (9th Cir. 2004); *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1540-42 (2nd Cir. 1996).

As to the first point, the purpose of Defendant's Memorandum was to respond to Plaintiff's "notice" concerning *Meacham* and *Gomez-Perez*, and not to repeat what is already contained in Defendant's motion for summary judgment and related filings. Those filings present, in extensive detail, FDIC's business reasons for downsizing its Division of Resolutions and Receiverships ("DRR") during the 2005 time frame (based on the lack of bank failures and the greatly diminished need for DRR personnel to resolve failed financial institutions which

---

[2] In part 1 of the Reply, Plaintiffs re-hash arguments they have previously made about the viability of the holding in *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186 (10th Cir. 2006) in light of the Supreme Court's decision in *Meacham*. As noted in the Defendant's Memorandum in Response to Plaintiffs' Notice of Recent Supreme Court Decisions (EFC Doc. 56), the Supreme Court's holding that the defendant has the burden of proof on the RFOA defense is an issue of only passing interest here, since <u>Defendant assumed this burden in its motion for summary judgment</u>, and the RFOA evidence in this case is neither "closely balanced" nor in "equipoise," because the non-age factors underlying both the necessity and the procedures for conducting the RIF in this case were "plainly reasonable," resulting in a gap between production and persuasion that is correspondingly insignificant. *See Meacham*, 128 S. Ct. at 2406. Moreover, nothing in *Meacham* calls into question the validity of the holding on the merits in *Pippin* on which Defendant has relied in its motion. In part 2 of the Reply, Plaintiffs baldly assert that the Court, in its certification opinion, "acknowledged" that Plaintiffs have adequately identified a specific practice having a disparate impact on older employees. Plaintiffs' assertion is without merit since, as the Court pointed out in its opinion, "[i]n determining whether to certify a class, the court should not consider the underlying merits of the plaintiff's claims" and "[m]oreover, the court accepts as true the allegations set forth in the complaint." Certification Opinion (ECF Doc. 19) at 7.

resulted), as well as the non-age-related methodology that was used to accomplish the downsizing, through incentives for voluntary departures followed by an involuntary RIF as necessary, in accordance with US OPM regulations.

As to Plaintiffs' second point, the FDIC, consistent with, and limited by, the US OPM regulations, considered the skills, qualifications and prior experience of all employees, including "older employees," in determining their "bump" and "retreat" rights during the RIF. In fact, the only RIF selections made by the Agency had a disparate impact, if at all, on younger employees. *See* Defendant's Memorandum in Response to Plaintiffs' Notice of Recent Supreme Court Decisions (EFC Doc. 56) at 2 n.1.

The remainder of Plaintiffs' Reply is truly remarkable. Unable to cast their assertions within the framework of a viable disparate impact theory, Plaintiffs contend that Defendant:

> . . . *did* take age into consideration by offering early retirement incentives that it did not grant to employees under that age. Defendant FDIC understood that such offers would be likely to attract those who had reached their MRA (minimum retirement age).

Reply at p. 3 (emphasis in original).[3] This assertion, even if accurate, would not constitute a violation of the ADEA because the offering of incentives that may be more "attractive" or beneficial to older employees cannot logically or legally be construed as an act of discrimination against such employees.[4]

---

[3] Plaintiffs' statement is incorrect. The record is very clear that buyouts and early retirement benefits were offered to <u>all eligible employees, regardless of age</u>. *See, e.g.,* Def. Ex. 11 (ECF Doc. 43-5 at p. 2 of 72) (voluntary early retirement was available to otherwise eligible employees with "25 years of service at any age").

[4] A contrary proposition would fly in the face of the many cases extolling the virtues of retirement sweeteners and other incentives as alternatives to involuntary terminations in achieving workforce reductions. *See*, *e.g.*, Def. Reply Br. (ECF Doc. 51), at 9-14; *Henn v. Nat'l Geographic Soc'y*, 819 F.2d 824, 828, 829 (7th Cir. 1987) (an offer of incentives to retire early is a benefit to the recipient, not evidence discrimination, unless the terms on which recipient could have declined and remained employed were themselves violations of the ADEA); *Bodnar v.*

This is reinforced by the two cases Plaintiffs cite in support of their theory, both of which involved situations in which employees were terminated specifically because of their age.[5] Those cases bear no resemblance to the case at bar, and their citation in Plaintiffs' Reply can only be viewed as reflecting the utter lack of substance to Plaintiffs' claim. For the same reason, Plaintiffs' reliance on the EEOC's interpretive regulation found at 29 C.F.R. § 1625.7(c)[6] is misplaced, as the record evidence is clear that the FDIC did not use age as a limiting criterion in making employment decisions concerning the downsizing of DRR.

For these reasons, Plaintiffs' additional arguments are without merit, and Defendant's motion for summary judgment should be granted.

Respectfully submitted,

/s/ William S. Jones
_____
William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

---

*Synpol, Inc.*, 843 F.2d 190, 194 (5th Cir. 1988) (no liability where employees who rejected employer's incentive to resign faced the same risk of termination in subsequent RIF as all other remaining employees).

[5] Plaintiffs cite *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d, 1529 (2d Cir. 1996), and *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802 (9th Cir. 2004). *Johnson & Higgins* involved an employer's policy explicitly requiring employee directors to retire at the age of 62. *Enlow* involved an employer's termination of an employee for reasons which were characterized (in the concurring and dissenting opinion cited by Plaintiffs) as "precisely and only because of his age." 389 F.3d at 820.

[6] "(c) When an employment practice uses age as a limiting criterion, the defense that the practice is justified by a reasonable factor other than age is unavailable."

                                        Stephen J. Kessler
                                        D.C. Bar No. 382427
                                        Counsel, Legal Division
                                        Federal Deposit Insurance Corporation
                                        3501 N. Fairfax Drive (VS-E6014)
                                        Arlington, VA 22226
                                        (703) 562-2311
                                        (703) 562-2482 (Fax)

                                        Attorneys for Defendant

Dated: August 4, 2008