UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ALIOTTA, et al and<br>Others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SHEILA C. BAIR,<br>CHAIRMAN, FEDERAL DEPOSIT<br>INSURANCE CORPORATION,<br><br>      Defendant. | Case Number 1: 05-cv-02325-RMU<br><br>ADEA<br><br>Class Action |

**PLAINTIFFS' REPLY TO DEFENDANT'S SUR-REPLY**

1. Plaintiffs noted in their July 24 Reply that Defendant took into account the minimum retirement at the age of 50 and offered early retirement only to the employees. Defendant used age as a limiting factor, which is not a reasonable factor other than age. Defendant first maintains that "the offering of incentives that may be more 'attractive' or beneficial to older employees" does not violate the ADEA. Dkt. 59, Def. Sur-Reply at 3. However, in this case record evidence shows that DRR employees had a greater than 50% chance of being terminated if they did not accept the buyout. *See* Pl. Memo in Opp., at 12, fn.2. Defendant FDIC's early retirement was "an offer you can't refuse," and was not truly voluntary to Plaintiffs and other older DRR employees. *See Adams v. Ameritech Services, Inc.*, 231 F.3d 414, 433 (7th Cir 2000).

 Second, Defendant notes that the buyouts and early retirement benefits were offered "to all eligible employees, regardless of age," but fails to note that early retirement was only offered to employees over age 50, or "with 25 years of service." Sur-Reply at 3, fn.3. Even if one assumes that DRR employees were hired straight out of college, they would still need be at least 47 years old to

be eligible for the voluntary early retirement - well above the minimum age of 40 that the ADEA covers. That Defendant targeted its buyout to DRR employees well over the of 40 *and* expressly considered the minimum retirement age of the employees affected further demonstrates that age was a limiting factor.

2.     Defendant notes that in *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529 (2d Cir. 1996) and *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802 (9th Cir. 2004)**,** "the employees were terminated specifically because of their age." Defendant implies that 29 C.F.R.§ 1625.7(c) is inapplicable unless age is the sole basis for the employee's termination. Sur-Reply at 4, fn.4.

The EEOC regulation states that "[w]hen an employment practice uses age as *a* limiting criterion, the defense that the practice is justified by a reasonable factor other than age is unavailable." 29 C.F.R. §1625.7(c)(emphasis added). Age need not be the *sole* limiting factor**.** Moreover, the Supreme Court has recognized the EEOC's authority to interpret its ADEA regulations. *See Federal Exp. Corp. v. Holowecki*, 128 S.Ct. 1147, 1159 (2008)(noting EEOC's "reasonable exercise of its authority to apply its own regulations and procedures in the course of the routine administration of the statute it enforces.**"**).

In this case, age was one of the factors that Defendant considered in designing its buyout and termination program for DRR. See Pl. Memo. in Opp., at 7 (citing Exh. 3 to Bovenzi Dep., AL-DRR-00570). Under the plain meaning of 29 C.F.R. § 1625.7(c), Defendant's age related reason is not a reasonable factor other than age.

    For the foregoing reasons and those stated earlier, Plaintiffs respectfully request that this Court grant their Motion for Partial Summary Judgment, or set this case for trial.

                            Respectfully Submitted,

                            ROSE & ROSE, P.C.

                            /s/ David L. Rose
                            David L. Rose, DC Bar #376379
                            Joshua N. Rose, DC Bar #420606
                            Yuval Rubinstein, DC Bar #503489
                            1320 19th St. N. W., Suite 601
                            Washington DC 20036
                            Phone (202) 331-8555
August 8, 2008              Fax (202) 331-0996
                            daver@roselawyers.com
                            josh@roselawyers.com
                            yrubinstein@roselawyers.com